# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PJM Transmission Owners, et al., ) | |
|     Petitioners, ) | |
| ) | |
| v. ) | No. 25-1064 |
| ) | |
| Federal Energy Regulatory ) | |
|   Commission, ) | |
|     Respondent. ) | |

## UNOPPOSED MOTION OF RESPONDENT
## TO HOLD APPEAL IN ABEYANCE

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Respondent Federal Energy Regulatory Commission ("Commission") respectfully moves the Court to hold this appeal in abeyance, including filing of the agency record, until the earlier of either: (i) 90 days from the date of this motion (i.e., June 18, 2025), or (ii) the Commission's issuance of an rehearing order in the agency proceeding below. The parties will file motions to govern further proceedings when the abeyance period ends. However, if a rehearing order issues before June 18, 2025, then the parties will have an additional 14 days to file such motions. Petitioners do not oppose this motion.

1

Abeyance is requested because the Commission has given notice that it intends to issue a rehearing order in the underlying agency proceeding.  This appeal arises from a Commission order rejecting certain amendments that concern PJM's regional transmission expansion planning protocols.  *Duquesne Light Co.,* 189 FERC ¶ 61,181 (2024).  Petitioners and PJM sought rehearing of that initial order, and, on February 6, 2025, the Commission issued a "Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration."  *Duquesne Light Co.,* 190 FERC ¶ 62,075 (2025).  In the notice, the Commission stated it would address Petitioners' and PJM's respective rehearing requests "in a future order," where it "may modify or set aside [the initial order], in whole or in part, in such manner as it shall deem proper."  *Id.*  Until then, the rehearing request remains pending, and the administrative record is incomplete.

Holding this case in abeyance will permit the Commission more time to issue that future order and serve the interests of judicial economy by avoiding piecemeal appeals.  Abeyance will also allow the Commission to retain the power to "affirm, modify, or set aside [its] order[s] in whole or in part," before the Court assumes exclusive

2

jurisdiction and this appeal proceeds to briefing. *See* 16 U.S.C. § 825*l*(b).

When a party seeks rehearing, "there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary. Practical considerations, therefore, dictate that when a petition for rehearing is filed, review may properly be deferred until this has been acted upon." *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227-28 (D.C. Cir. 1960). The "proper course" in these circumstances is to "hold the appeal in abeyance pending the Commission's further proceedings, keeping the record open for supplementation to reflect those proceedings." *Wrather-Alvarez Broad., Inc. v. FCC*, 248 F.2d 646, 649 (D.C. Cir. 1957); *see also Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992) (Court's preference is to require parties to wait for appellate review until the lawsuit is ultimately resolved, "to insist on the standard of one case, one appeal").

Accordingly, the Commission requests that the Court hold the petition for review in abeyance until the earlier of either (i) 90 days or (ii) until the Commission issues its rehearing order, with the parties to file motions to govern further proceedings thereafter.

3

>Respectfully submitted,
>
>*/s/ Angela X. Gao*
>Angela X. Gao
>Attorney

Federal Energy Regulatory
  Commission
888 First Street, NE
Washington, DC 20426
(202) 502-6790
*angela.gao@ferc.gov*

March 20, 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 514 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Century Schoolbook 14-point font using Microsoft Word.

> */s/ Angela X. Gao*
> Angela X. Gao
> Attorney

Federal Energy Regulatory
   Commission
888 First Street, NE
Washington, DC 20426
(202) 502-6790
*angela.gao@ferc.gov*

March 20, 2025

# CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Angela X. Gao*
Angela X. Gao
Attorney

Federal Energy Regulatory
  Commission
888 First Street, NE
Washington, DC 20426
(202) 502-6790
*angela.gao@ferc.gov*