IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PJM Transmission Owners, et al.

*Petitioners*

v.

Federal Energy Regulatory Commission,

*Respondent*

Case No. 25-1064

**NON-BINDING STATEMENT OF ISSUES**

Pursuant to the Court's Order of February 18, 2025, Petitioners American Electric Power Service Corporation on behalf of its affiliates, Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Wheeling Power Company, AEP Appalachian Transmission Company, Inc., AEP Indiana Michigan Transmission Company, Inc., AEP Kentucky Transmission Company, Inc., and AEP Ohio Transmission Company, Inc.; The Dayton Power and Light Company d/b/a AES Ohio; Dominion Energy Services, Inc. on behalf of Virginia Electric and Power Company d/b/a Dominion Energy Virginia; Duke Energy Corporation on behalf of its affiliates Duke Energy Ohio, Inc., Duke Energy Kentucky, Inc., and Duke Energy Business Services LLC; Duquesne Light Company; East Kentucky Power

Cooperative, Inc.; Exelon Corporation on behalf of its affiliates Atlantic City Electric Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, Delmarva Power & Light Company, PECO Energy Company, and Potomac Electric Power Company; FirstEnergy Service Company, on behalf of its affiliates American Transmission Systems, Incorporated, Jersey Central Power & Light Company, Mid-Atlantic Interstate Transmission LLC, The Potomac Edison Company, Monongahela Power Company, Keystone Appalachian Transmission Company, and Trans-Allegheny Interstate Line Company; and PPL Electric Utilities Corporation respectfully submit the following preliminary, non-binding statement of issues presented for review:

1. Whether the order of the Federal Energy Regulatory Commission ("Commission") under review is arbitrary, capricious, not supported by substantial evidence, or contrary to law?

2. Whether the order of the Commission under review fails to reflect reasoned decision-making by failing to (i) adequately justify departure from previous orders and Commission precedent and (ii) respond meaningfully to arguments made before the Commission?

3. Whether the Commission exceeded its jurisdiction by relying upon its regulations governing RTO independence to override the PJM Transmission Owners' statutory right to voluntarily cede their rights under the Federal

Power Act ("FPA") to PJM Interconnection, L.L.C. ("PJM") pursuant to a contract, the Consolidated Transmission Owners Agreement ("CTOA")?

4. Whether the Commission's conclusion that the proposed amendments to the CTOA increase the PJM Transmission Owners' ability to control or influence changes to Schedule 6 of the Operating Agreement is supported by substantial evidence, is arbitrary, capricious, or contrary to law, or fails to reflect reasoned decision-making?

5. Whether the Commission's order under review is arbitrary and capricious, fails to meet the requirements of reasoned decision-making, and is not in accordance with the law by departing without explanation from prior precedent approving a dispute resolution procedure that is virtually identical to the process proposed in CTOA section 7.9?

6. Whether the Commission's order under review wrongly holds that proposed CTOA sections 4.1.4(b)(ii) and 6.4.4(b)(ii) should not be in the CTOA based on a finding that they do not predominantly affect PJM's and the PJM Transmission Owners' rights and responsibilities?

7. Whether the Commission's order under review wrongly relies on a requirement that all substantive planning provisions reside in the PJM Open Access Transmission Tariff when no such requirement exists under the FPA or Commission precedent?

8. Whether the Commission's order under review ignores the record evidence demonstrating that the *Mobile-Sierra* presumption should apply to the Protected Provisions of the CTOA as a matter of law?

9. Whether the Commission's order under review wrongly fails to extend *Mobile-Sierra* protection to the Protected Provisions of the CTOA as a matter of discretion inconsistent with its precedents?

                        Respectfully submitted,

                         */s/ John Longstreth*
                        John Longstreth
                        Donald A. Kaplan
                        Kimberly B. Frank
                        Chimera N. Thompson
                        K&L Gates LLP
                        1601 K Street, N.W.
                        Washington, DC  20006
                        Phone:  (202) 778-9000
                        Fax:     (202) 778-9100
                        Email:   john.longstreth@klgates.com
                                  don.kaplan@klgates.com
                                  kimberly.frank@klgates.com
                                  chimera.thompson@klgates.com

                        Michelle S. Kallen
                        William M. Keyser
                        Karen Bruni
                        Steptoe LLP
                        1330 Connecticut Avenue N.W.
                        Washington, D.C. 20036
                        Phone:  (202) 429-8186
                        Email:  mkallen@steptoe.com
                                 wkeyser@steptoe.com
                                 kbruni@steptoe.com

Dated:   March 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2025, I electronically filed the foregoing Non-Binding Statement of Issues to be served on all parties via the Court's CM/ECF system.

*/s/ John Longstreth*

John Longstreth
K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006

322882118.1