# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 25-1064**  **September Term, 2025**

**FERC-ER24-2338-002**
**FERC-ER24-2338-000**
**FERC-ER24-2338-001**
**FERC-EL24-119-000**
**FERC-EL24-119-001**
**FERC-ER24-2336-001**
**FERC-ER24-2336-000**
**FERC-ER24-2336-002**
**FERC- ER24-2338-002**

**Filed On: September 26, 2025** [2137162]

PJM Transmission Owners, et al.,

    Petitioners

  v.

Federal Energy Regulatory Commission,

    Respondent

------------------------------

PJM Interconnection, L.L.C., et al.,
               Intervenors
------------------------------

Consolidated with 25-1100

# O R D E R

Upon consideration of the motions for leave to intervene filed by:

American Municipal Power, Inc.
Old Dominion Electric Cooperative,
Maryland Office of People's Counsel,
New Jersey Division of Rate Counsel,
PJM Industrial Customer Coalition,
Office of the Ohio Consumers' Counsel,
Office of the People's Counsel for the District of Columbia,
PJM Interconnection, L.L.C.,

it is **ORDERED** that the motions be granted.

# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 25-1064**                                                       **September Term, 2025**

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondent. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2025), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
      Elbert B.J. Lestrade
      Deputy Clerk